UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:14-cr-124-FtM-38CM

JOSE BENITEZ, JR.
_____

**ORDER**[1]

This matter comes before the Court on the United States of America's (Government) Motion In Limine (Doc. #59) filed on August 28, 2015.  The Government previously filed a Motion In Limine (Doc. #31) which is duplicative of the instant Motion.  Thus, the initial Motion in Limine (Doc. #31) will be denied as moot.  The Defendant has not filed a Response in Opposition and the time to do so has expired.

The Government moves the Court to grant six motions in limine.  The Court will address each one in turn.

*(1) Whether the Defendant Should Be Precluded From Making Reference To His Motivation for Robbing the New Iberia Bank*

The Government moves in limine to preclude the Defendant Benitez from making any reference to any reasons why he allegedly robbed the Iberia Bank, located at 812 Del Prado Blvd. South, on October 8, 2014.  As grounds, the Government argues that evidence as to why the Defendant allegedly robbed the bank is irrelevant as to whether

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

or not he actually committed the act. The Government argues that evidence regarding sympathetic or well-intentioned reasons why the Defendant committed the robbery would call for jury nullification.

The statute at issue makes it a crime for anyone to rob a bank. 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c). The motivation of the Defendant in robbing the bank is not relevant unless the Defendant can produce evidence of duress or necessity. Thus, the Motion is granted to the extent that the Defendant may not present evidence of his motivation for robbing the Iberia Bank unless he can establish duress or necessity.

### (2) Duress and Necessity

Duress and necessity are motivational exceptions to the alleged crime of bank robbery. The motivation of the Defendant to rob the Iberia Bank is not relevant unless the Defendant can produce evidence of duress or necessity. A defendant must establish the existence of four elements to be entitled to present evidence of a necessity defense at trial:

> (1) defendant was faced with a choice of evils and chose the lesser evil;
>
> (2) he acted to prevent imminent harm;
>
> (3) he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and
>
> (4) there was no legal alternative to violating the law.

U.S. v. Fuentes-Flores, 2015 WL 248620 *1-2 (M.D. Fla. January 20, 2015).

Likewise, the Government moves to preclude the Defendant from raising duress as a defense. In order to rely on a defense of duress, a defendant must establish a prima facie case that:

>   (1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;
>
>   (2) Defendant had a well-grounded fear that the threat would be carried out; and
>
>   (3) There was no reasonable opportunity to escape the threatened harm.

Id. (citing U.S. v. Bailey, 444 U.S. 392, 410-11 (1980).

Again, the Defendant must make some threshold showing as to each element or he cannot bring the defense of duress or necessity.

In resolving motions in limine, "[t]he court excludes evidence on a [m]otion [i]n [l]imine only if the evidence is clearly inadmissible for any purpose. [ ][I]f evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Smith v. Royal Caribbean Cruises, Ltd., 2014 WL 5312534, *1 (S.D. Fla. October 10, 2014) (citing Stewart v. Hooters of America, Inc., 2007 WL 1752873, *1 (M.D. Fla. 2007)).  Here evidence of duress or necessity could be relevant if the evidence is sufficient to establish the defense(s).  Therefore, at this point in time, the Court will reserve ruling on the Motion to preclude the defenses of duress and/or necessity.  However, should the Defendant desire to put on either defense, he must first proffer his evidence to the Court demonstrating his ability to prove the elements of each defense.

*(3) Preclude Background Information*

The United States moves to exclude testimony regarding the defendant's "background information" such as the defendant's upbringing, education, health, age, finances, family ties, and responsibilities. Testimony regarding these background topics

should be excluded as they are irrelevant to the question of whether the defendant committed the offenses as charged in the Indictment.

The Court will reserve ruling on the introduction of evidence of the Defendant's background subject to relevancy at the time that it comes up during the course of the trial.

### (4) Preclude Potential Punishment Reference, Jury Nullification Defense, and Preclusion Non-Disclosed Evidence

The United States also moves in limine number 4 to preclude the defendant from referencing a potential punishment, including any reference to potential incarceration; in limine number 5, to preclude all evidence, argument, and comments during the trial relating to a jury nullification defense; and in limine number 6, preclude any evidence not disclosed during discovery.

The Court notes that in limine requests numbers 4, 5 and 6 are not motions in limine, but are tenets of basic fundamental trial procedure.  The Government's Motions are merely generalized requests not related to specific evidence to be presented at trial. Thus, motions in limine 4, 5, and 6 are denied.

Accordingly, it is now

**ORDERED:**

The United States of America's Motion in Limine (Doc. #59) is **GRANTED in part RESERVED in part and DENIED in part**.

(1) The United States of America's Motion in Limine Number 1 is **GRANTED**.

(2) The United States of America's Motion in Limine Numbers 2 and 3 are **RESERVED** for trial.

(3) The United States of America's Motion in Limine Numbers 4, 5, and 6 are **DENIED**.

(4) The United States of America's Motion In Limine (Doc. # 31) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this 16th day of September, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record