UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 2:14-cr-124-FtM-38CM

JOSE BENITEZ, JR.

**ORDER**[1]

This matter comes before the Court on the United States of America's (Government) Motion for Miscellaneous Relief (Doc. #50) filed on July 22, 2015. No response in opposition has been filed by the Defendant.

**BACKGROUND**

The Defendant was indicted on October 29, 2014, for allegedly robbing the Iberia Bank located at 812 Del Prado Boulevard South, Cape Coral, Florida. The Indictment alleges that on or about October 8, 2014, the Defendant did knowingly by force and violence and intimidation rob the Iberia Bank of approximately $12,824.00. In the process of robbing the Iberia Bank, the Government alleges the Defendant used a firearm in furtherance of the crime in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c)(1)(A)(ii).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In his defense, the Defendant obtained a firearms expert, Alfred Olsen. The Defendant offers Olsen's expert testimony to support his defense that the firearm used during the alleged robbery was not a real firearm.

## DISCUSSION

The Government states that Olson's testimony should be precluded from trial because the Defendant failed to comply with Fed. R. Crim. P. 16(b)(1)(C). The Government further argues that Olsen's analysis does not satisfy Daubert.

### *Fed. R. Crim. P. 16*

The Government argues the Defendant failed to comply with Fed R. Crim. P. 16(b)(1)(C) because he failed to supply the Government with a written summary of Olson's expected testimony. Rule 16 reads in pertinent part:

> The defendant must, at the government request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if---
>
> (i)   the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii)  the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

Fed. R. Crim. P. 16(b)(1)(C).

The Government states that it received Olsen's expert report on June 3, 2015, and Olsen's curriculum vitae on June 15, 2015. The Government argues that Olsen's testimony should be precluded because it did not receive a summary of Olsen's testimony the Defendant intends to use at trial. On August 13, 2015, the Defendant filed a witness summary for his expert Alfred Olson (Doc. #55) stating that Olsen's summary had

been provided under separate cover.  Since the Defendant filed a summary of Olsen's expected testimony, the Motion exclude Olsen's expert testimony under Fed. R. Crim. P. 16 is denied.

## DAUBERT

The Government argues that Olsen's expert testimony should be stricken because it does not comply with the standards established in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

The legal principles governing the admissibility of expert testimony are well settled. Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc., 2006 WL 1722342, *1-2 (M.D. Fla. June 22, 2006).  Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the case.

In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) and Daubert , 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." Royal Marco Point 1 Condominium Ass'n. v. QBE Ins. Corp., 2011 WL 47056 *3 (M.D. Fla. 2011) (citing U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir.2004) (*en banc*)).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. V. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir.2004). *See also* U.S. v. Hansen, 262 F.3d 1217, 1234 (11th Cir.2001). "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1261 (11th Cir.2004). *See also* McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir.2002). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook ex rel. Tessler v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir.2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir.1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n. 7 (11th Cir.2005).

The second requirement, discrete and independent from the witness' qualifications, is reliability. Frazier, 387 F.3d at 1261. While the criteria used to evaluate the reliability of nonscientific, experience-based testimony may vary from case to case,

the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person.... Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n. 8.

The Government argues that Olson's testimony is nothing more than speculation that does not aid the jury beyond the testimony of the average lay person.  The Government argues that Olsen's testimony does nothing more than look at photos of guns and compares them to the video of the Defendant allegedly using a gun during the bank robbery.  And finally the Government states that Olsen's expert opinion does not meet the Daubert standards.  The Defendant says that Olsen is a Florida licensed private investigator and has substantial experience in law enforcement.

The Government's arguments go to the weight of the testimony offered by Olsen rather than its admissibility.  Olson has substantial experience in private investigations

and law enforcement. His years of experience can assist the jury in understanding the issues in Count II more than the opinion of the average layman. Further, Olsen will be subject to cross examination and the Government states it will provide its own witness to refute Olsen's testimony. Therefore, the Motion to exclude the Defendant's expert witness Olsen is denied.

Accordingly, it is now

**ORDERED:**

The United States of America's (Government) Motion for Miscellaneous Relief (Doc. #50) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this September 18, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record