UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:14-cr-124-FtM-38CM

JOSE BENITEZ, JR.

### ORDER[1]

This matter comes before the Court on the Defendant Jose Benitez, Jr.'s Motion in Limine (Doc. #63) filed on September 14, 2015. The Government had not filed a response in opposition, however, the Government orally responded during the Final Pretrial Conference on September 21, 2015.

The Defendant moves the Court for two (2) Motions In Limine: (1) to preclude the Government from mentioning the Defendants request for an attorney during his interview; (2) to preclude the Government from mentioning the Defendant's prior criminal record unless the Defendant testifies.

*(1) Exclude Defendant's Request for an Attorney*

The Defendant sites to discovery in which the Defendant asks for an attorney during an interview with police officers. The Defendant makes mention of having an attorney, and then appears to invoke his right to counsel when he says, "[o]r I mean get

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

me an attorney. That's it. Okay." Nothing of substance was discussed afterwards, and the interview was soon ended. The Defendant moves to preclude all discussion regarding an attorney be ruled inadmissible.

To use a defendant's invocation of his right to an attorney against him at trial is fundamentally unfair and a violation of due process. See Wainwright v Greenfield, 474 U.S. 284, 295, 106 S. Ct. 634, 88 L. Ed. 2d 623 (1986) (holding that using a defendant's right to remain silent against him in court violates due process); Doyle v Ohio, 426 U.S. 610, 619, 96 S. Ct. 2240, 49 L. Ed. 91 (1976) (same). Although Wainwright and Doyle use the defendant's right to remain silent, the analysis is the same if the defendant invokes his right to counsel. U.S. v. Macli, 2012 WL 3637149, *2 (S.D. Fla. August 22, 2012) (citing Hill v. Turpin, 135 F. 3d 1411, 1414 (11th Cir. 1998) (although the improper references at issue in Doyle concerned only the defendants' post-Miranda silence, the prohibition extends equally to impeachment use of a defendant's post-Miranda invocation of the right to counsel).

The Government states it will not use the Defendant's invoking his right to an attorney at trial. Therefore, the Motion in limine to prevent the Government from using the Defendant's invocation of his right to counsel is due to be granted.

### (2) Preclude Mention of Prior Criminal Record

The Defendant moves the Court to preclude the Government from using the Defendant's prior criminal record against him at trial

In this instance, at the Final Pretrial Conference, the Government indicated that it had no intention of introducing evidence of the Defendant's prior criminal history unless

the Defendant took the stand and his past convictions became an issue of impeachment. As such, the Motion to preclude the use of prior convictions is granted.

Accordingly, it is now

**ORDERED:**

The Defendant, Jose Benitez, Jr.'s Motion in Limine (Doc. #63) is **GRANTED.**

(1) The Defendant, Jose Benitez, Jr.'s Motion in Limine to preclude the any mention of his invocation of his right to an attorney is **GRANTED**.

(2) The Defendant, Jose Benitez, Jr.'s Motion in Limine to preclude evidence of the Defendant's prior record is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this September 21, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record