UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                      CASE NO.:  2:14-cr-124-FtM-38MRM

JOSE BENITEZ, JR.

## **ORDER**[1]

Before the Court is *pro se* Defendant Jose Benitez Jr.'s letter motion for release to home confinement (Doc. 139) and the Government's response in opposition (Doc. 141). The Court liberally construes Benitez's letter as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) or for home confinement under the CARES Act.  As best the Court can tell, Benitez seeks home confinement because of the COVID-19 pandemic, his asthma, and his personal growth while incarcerated.  For the below reasons, the Court denies Benitez's request.

Over four years ago, the Court sentenced Benitez to 122 months' imprisonment after a jury found him guilty of armed bank robbery.  He is now incarcerated at Coleman Low FCI and projected to be released in another three years.  (Doc. 141 at 2).  He claims cramped prison conditions and limited personal protective equipment are less than ideal during the COVID-19 pandemic.  He also states he has asthma all his life and was twice hospitalized for pneumonia.  He thus wants the Court to allow him to finish the rest of his sentence on home confinement.

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

A court may not modify a term of imprisonment once imposed.  But this rule has exceptions.  A court may reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The court may do so by motion of the (1) Director of the Bureau of Prisons ("BOP"); or (2) "defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Benitez does not seek a reduction in his sentence.  Rather, he wants to serve the rest of his term on home confinement, as opposed to prison.  That request falls outside § 3585(c)'s limited grant of authority to this Court to modify a sentence post-conviction.  Because § 3582(c) does not give the Court authority to grant home confinement and because Benitez offers no statutory authority to support his request for the relief, the Court denies his request for home confinement.

Even setting aside that flaw to Benítez's request, he has neither exhausted his administrative remedies nor shown extraordinary and compelling reasons for compassionate release.  Benitez—not the BOP—has filed the letter motion.  And Benitez' letter does not state he has exhausted his administrative remedies, and the Government has provided documents showing he has not done so.  (Doc. 141-1).  Because Benitez has not exhausted his administrative remedies, the Court lacks authority to grant him relief under § 3582(c)(1)(A)(i).

Even assuming Benitez exhausted his administrative remedies, he fails to show "extraordinary and compelling" reasons to warrant compassionate release.  A reduction

for extraordinary and compelling circumstances must be consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). From there, courts rely on U.S.S.G. § 1B1.13, which lists four extraordinary and compelling circumstances: serious medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines. U.S.S.G. § 1B1.13, cmt. n.1.

None of the circumstances Benitez relies on falls within the Commission's policy statement. Benitez provides no medical evidence to support him currently having asthma. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release because of absence of corroboration from medical provider that defendant could not provide self-care or suffers a serious medical condition). He is fifty-one years old and does not allege his health is deteriorating. And the BOP Director has not found COVID-19 alone to be a basis for compassionate release. *See United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.").

In conclusion, although the Court understands Benitez's concern about COVID-19, it does not possess the authority to modify or reduce his sentence under the facts. Also, Benitez has not established that the steps being taken by the BOP and his current facility are insufficient under his personal circumstances.

Accordingly, it is now

**ORDERED:**

Defendant Jose Benitez Jr.'s letter request for release to home confinement (Doc. 139) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 13th day of May 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record