UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO.: 2:14-cr-124-FtM-38MRM

JOSE BENITEZ JR.

### ORDER[1]

Before the Court is pro se Defendant Jose Benitez Jr.'s Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 143), and the Government's response in opposition (Doc. 145). For the below reasons, the Court denies the motion.

A few months ago, Defendant made a similar motion.[2] (Doc. 139; Doc. 142). He asked the Court for compassionate release and home confinement because of the COVID-19 pandemic, his asthma, and his personal growth while incarcerated. (Doc. 139). The Court denied his motion because (1) granting home confinement fell outside the Court's statutory authority; (2) he did not exhaust his administrative remedies; (3) he failed to show his medical conditions and the COVID-pandemic constitute "extraordinary and compelling" circumstances and (4) he did not show the Bureau of Prison's ("BOP") and his prison's steps to combat COVID were insufficient. (Doc. 142).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Over four years ago, the Court sentenced Defendant to 122 months' imprisonment for armed bank robbery. He is incarcerated at Coleman Low FCI and projected to be released in three years.

Defendant's pending motion tries to improve on the shortcomings of his previous motion. But it fares no better. He first argues that over thirty days have lapsed since he made a request to his warden for compassionate release. As support, he attaches an email he sent to "Ms. Agard" at "Unit Management B3, B4 LOW" on June 17, 2020. (Doc. 143-1 at 4). The email reads:

> I submitted to you a Compassionate Release / Reduction in Sentence Application on 27 April, 2020. I received a copy of the application from you on 7 May, 2020 and was informed that the (RIS) application would be forwarded through the appropriate channels to the proper person. I have been waiting for a response and have yet to be notified of the status of my application. I would like to know that status of said application (RIS), so that I can exhaust my administrative remedies prior to pleading my case in court.

(Doc. 143-1 at 4). As best the Court can tell, Defendant may have attached his Reduction in Sentencing Application to the email. (Doc. 143-1 at 5). But Defendant has neither alleged nor shown receipt of his application or another other proof he exhausted his administrative remedies. This information is important because the BOP's records do not reflect Benitez filing any compassionate release requests. (Doc. 145-1). So the Court remains unconvinced that Defendant has met his exhaustion or delay requirement under 18 U.S.C. § 3582(c)(1)(A). Although the Court need not address Defendant's remaining arguments, it will.

Defendant next argues two extraordinary and compelling circumstances to warrant compassionate release: (1) the overpopulated, under-resourced, and cramped conditions at his prison threatens the inmates' lives and health; and (2) Defendant's sentence was higher than necessary after United States Sentencing Guideline Amendment 790. (Doc. 143 at 6). For the first argument, he says the prison conditions are problematic because

of his severe asthma, susceptibility to pneumonia, and COVID-19. He also references to his "declining health" and attaches five years of medical records. (Doc. 143 at 6; Doc. 143-1; Doc. 143-2; Doc. 143-3).

To state a cognizable basis for a sentence reduction based on a medical condition, a defendant must establish that a condition falls within one category listed in the policy statement. Those categories include a terminal illness and "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). A review of Defendant's medical records confirms, however, that he suffers from neither a terminal illness nor another condition that renders him unable to provide self-care. Other than Defendant's say so, nothing shows his health is deteriorating in condition. And while Defendant's medical records reflect asthma, there is no discussion of the severity of this condition. (Doc. 143-3 at 26).

What is more, the COVID-19 pandemic alone is not a basis for compassionate release. See *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release" (citation omitted)); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."). As the Government represents, neither the BOP nor Defendant's prison are ignoring the pandemic. Both are implementing procedures, safety protocols, and medical

care to respond to the virus in the best interests of inmates and prison staff. (Doc. 145 at 16). In fact, Defendant has been quarantined since July 7, 2020. (Doc. 145 at 16; Doc. 145-2). Under the prison's plan, if he is or becomes infected with COVID, he will be medically treated. And he will remain quarantined to avoid the virus's potential spread.

Defendant does not stop there on his quest for compassionate release. He also claims that his flawed sentencing process is an extraordinary circumstance. But Defendant's argument—not the sentence—is flawed because it relies on Amendment 790. That amendment does not affect Defendant's sentence because it focused on the acts and omissions of others who engaged in the criminal activity with a defendant. Because Defendant acted alone in robbing the bank, Amendment 790 does not apply. And if Defendant asserts "this court would have imposed a different sentence without the guideline constraints," he provides no explanation or citation to this argument.

Even if Defendant could establish any extraordinary and compelling reason for compassionate release, the 18 U.S.C. 3553(a) factors weigh against him. He was convicted of a violent crime with a significant traumatic and emotional effect on his victims. The seriousness of his crime thus warrants he finish his sentence in prison, not at home. Defendant is also no stranger to prison, as his criminal history includes other crimes associated with violence like aggravated battery, robbery, and battery on a law enforcement officer. (Doc. 106 at ¶¶ 46-47). Having him serve his entire sentence—which the Court found to be a just punishment—serves a deterrent to future crimes and protects the public's safety.

At bottom, the Court finds (as it did at the time of sentencing) that the 122-month sentence of incarceration imposed is sufficient but no greater than necessary to achieve the purposes of sentencing.

Accordingly, it is now

**ORDERED:**

Defendant Jose Benitez Jr.'s Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 143) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 16th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record