UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

                                    Case No.: 2:14-cr-124-SPC-KCD

v.

JOSE BENITEZ, JR.

## **ORDER**

Before the Court are Defendant Jose Benitez's Motion for Early Termination of Probation (Doc. 185) and the Government's response in opposition (Doc. 186). For the reasons below, Defendant's motion is denied.

In 2015, Defendant was convicted of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d). (Doc. 87). Defendant entered the bank wearing a mask and dark clothing and carried a satchel, papers, and sunglasses. (Doc. 135 at 7-8). He brandished what looked like a black semi-automatic handgun and ordered employees to lay on the ground or he would shoot them. (*Id.*). Defendant pointed the handgun at one of the tellers and demanded all the money. (*Id.*; Doc. 109 at 5). Defendant stuffed the money in the satchel and fled but left his sunglasses at the bank, which law enforcement later used to identify him. (Doc. 135 at 8).

The advisory sentencing guidelines range was 70 to 87 months' imprisonment. (*Id.* at 18). Considering the nature and circumstances of the

offense and seriousness of Defendant's criminal history, the Court varied upward, sentencing Defendant to 122 months' imprisonment followed by 60 months of supervised release. (Doc. 109).

Defendant has completed his incarceratory sentence and served 37 months of his supervised release. (Doc. 185). He now moves to end it early. In support, he notes he has completed over half of the probation sentence and maintained employment. (*Id.*; Doc. 186). As of April 15, 2025, he has also satisfied all of his monetary obligations by paying $12,824 in restitution to the bank. (Doc. 184).

The Government opposes Defendant's motion. (Doc. 186). First, it argues he has behaved poorly on supervised release. (*Id.* at 2). According to Defendant's supervision records, he violated his sentence by failing to reside in a residential reentry center ("RRC"), and failed to pay restitution until April 15, 2025. (*Id.*). Defendant was discharged from the RRC for disruptive behavior and medication non-compliance. (*Id.* at 6). Additionally, the Government claims the interests of justice do not favor early termination. (*Id.* at 7). It points to the violent nature of the offense, Defendant's criminal history, and the need for deterrence. (*Id.* at 6-7). Finally, supervisory probation officer Matt Garner and three victims all oppose early termination. (*Id.* at 7).

Courts have discretion to grant or deny a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1):

> **(e) Modification of conditions or revocation.**-- The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> 1.  terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e); *see also United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

The factors in § 3553 that a court must consider are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, to protect the public, and to provide correctional treatment for the defendant; the advisory Sentencing Guidelines and pertinent U.S. Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017).

No matter the outcome, a § 3583(e)(1) order "must demonstrate that [the court took the] pertinent factors [. . .] into account," and a "court's failure to

3

show it considered the relevant factors amounts to an abuse of discretion." *Id.* Each factor need not be articulated, but "there must be enough, in the record or the court's order, to allow for meaningful appellate review of its decision." *Id.*

After considering the record and the § 3553 factors, the Court denies Defendant's motion because early termination of supervised release is not warranted by his conduct or the interests of justice.

First, the nature and circumstances of the offense are egregious. Defendant pointed an apparent handgun at bank employees and threatened them. (Doc. 135 at 7–8). The employees feared for their lives. (*Id.* at 8–9). All five bank employees transferred to another bank after the event. (*Id.* at 18). This event had a lasting effect on the victims, which they still manage through psychological treatment. (*Id.*).

Not surprisingly given these facts, Officer Garner and the victims oppose early termination of Defendant's supervised release. *Cf. United States v. Flores,* No. 2:17-CR-146-SPC-MRM, 2023 WL 2477678, at *1 (M.D. Fla. Mar. 13, 2023) (granting motion for early termination of probation that was unopposed). As one victim explained when contacted by probation, "personally, I say no because he (sic) what he did was wrong. Was the first time weapon was held to my face—still not happy about it. It was very shocking." (Doc. 186 at 6).

Defendant's history and characteristics are also problematic. Although Defendant has fulfilled his restitution, served half of his probation, and been gainfully employed, his criminal history and behavior suggest he should not be left unsupervised. As mentioned, Defendant was discharged from an RRC for disruptive conduct and medication noncompliance. (Doc. 186 at 2). And this isn't Defendant's first rodeo. Although Defendant successfully completed supervised release for another charge in 1996 (Doc. 186 at 7), only three years later, he was back before the Court.

Based on the serious nature of the offense, the need to protect the public, and the need for deterrence, the entire sentence of 60 months of supervised release is necessary. *See United States v. Cordero*, 7 F.4th 1058, 1062 (11th Cir. 2021) (affirming denial of early termination in light of the serious nature of the offence, need to protect the public, and incentive to deter defendant). Thus, the Court finds that keeping Defendant on supervised release is in the best interests of justice and the public.

Accordingly, it is

**ORDERED:**

Defendant's Motion for Early Termination of Probation (Doc. 185) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 14, 2025.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record